

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2007

# USA v. Rivera

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Rivera" (2007). *2007 Decisions*. Paper 586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1321

———————

UNITED STATES OF AMERICA

v.

DANIEL RIVERA, a/k/a DAVID ALVEREZ,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 02-cr-00553-2)
District Judge: Hon. Petrese B. Tucker

———————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>

(Filed: August 15, 2007)

———————

OPINION

———————

**ROTH,** Circuit Judge:

Daniel Rivera appeals his sentence of 96 months imprisonment. The only issue on appeal is the reasonableness of this sentence. We will affirm.

## I. BACKGROUND

On February 5, 2003, Rivera pleaded guilty to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846, three counts of aiding and abetting the distribution of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841, and one count of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841. Rivera was sentenced on July 15, 2003 to 96 months imprisonment, 5 years of supervised release, a $1,000 fine, and a $500 special assessment. Rivera timely appealed. We vacated Rivera's sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 262 (2005). *United States v. Rivera*, 125 Fed. Appx. 451, 452 (3d Cir. 2005).

At resentencing, the District Court determined that the Guideline range was 87 to 108 months (based upon a total offense level of 29 and criminal history category I), to which counsel for Rivera and the government agreed. The District Court and the parties also agreed that U.S.S.G. § 5C1.2 (the so-called "safety valve" provision) applied and thus the court could impose a sentence below the statutory minimum of 10 years imprisonment. At the resentencing hearing, Rivera argued, among other things, that a lower sentence was appropriate in light of his exemplary behavior in prison since the first sentencing, as well as his pending deportation at the end of his prison term. The District Court considered Rivera's

2

arguments for leniency, as well as the applicable 18 U.S.C. § 3553(a) factors, and sentenced Rivera to the same sentence as before. Rivera timely appealed.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

After *Booker*, we review a sentence for "reasonableness" in reference to the applicable § 3553(a) factors.[1] *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Reasonableness review essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007).

Appellants bear the burden of demonstrating unreasonableness. *Cooper,* 437 F.3d at 332. The standard of review is "deferential." *Id.* at 330. A sentence within the correctly calculated Guideline range is not automatically reasonable, but is more likely to be reasonable than one outside the range. *Id.* at 331.

District courts follow a three-step process in imposing sentences after *Booker*:

---

[1] Those factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (B) deter criminal conduct; (C) protect the public; and (D) provide training and treatment for the defendant; (3) the kinds of sentences available; (4) the sentencing range under the Guidelines; (5) pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution.

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors, in setting the sentence they impose regardless [of] whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations, quotation marks, and brackets omitted).

In this case, the parties agree that the District Court calculated the Guideline range and applied the "safety valve" provision correctly. Rivera did not make any motions for downward departure. Rivera's sole argument with regard to unreasonableness is as follows: "In giving Mr. Rivera the exact same sentence that she had given him before, Judge Tucker failed to take into account his exemplary record while incarcerated and therefore imposed an unreasonable sentence."[2] Essentially, Rivera argues that the District Court failed to consider

---

[2] We are troubled by the poor quality of Rivera's brief, which essentially consists of a single paragraph of perfunctory and highly unpersuasive argument that fails to raise the potentially colorable arguments made by Rivera, pro se, during sentencing and resentencing. This is not the first time we have noted our dissatisfaction with appointed counsel's work in this case. *See Rivera*, 125 Fed. Appx. at 452 n.1 ("We note, however, some dissatisfaction with the fact that the *Anders* brief failed to even acknowledge the U.S.S.G § 3B1.2 issue, which was clearly important at sentencing and which formed the basis for the informal brief submitted by Appellant after the *Anders* brief was filed.") Our concern is amplified by the fact that Rivera, a citizen of the Dominican Republic, does not speak or understand English, as evidenced by his use of a translator during the sentencing proceedings.

his history and characteristics under § 3553(a)(1) because the court failed to consider that he was a model prisoner. We disagree.

At the resentencing hearing, the District Court reviewed the applicable sentencing factors under § 3553(a), including the nature of the offense and Rivera's background, the seriousness of the offense, the need for deterrence and protection of the public, the range of sentences available, and the advisory Guideline range as determined. Among other things, the District Court stated:

> I have reviewed the presentence report not once but twice in this case. And while your stay in the United States had been uneventful except for this offense, it is clear that this offense was the result of someone who did not have the education or the experience to get a legal job to help pay for yourself or your family and you, therefore, turned to drugs.
>
> In reviewing the range of sentence that's possible, the court makes note of the fact that because you had no prior conviction, the safety valve was applied in what would otherwise be a mandatory sentence of 20 years[3] a much lesser sentence. So to the extent that you have benefitted from the sentencing guidelines and the sentencing statute, you are relieved from the mandatory sentence. But I do think that the sentence that you previously received of 96 months is an appropriate sentence to address the sentencing concerns which the court must address.

The District Court therefore adequately considered the various sentencing factors under § 3553(a), including the history and characteristics of the defendant. The fact that the District Court did not explicitly respond to Rivera's argument concerning his exemplary record in prison – which was unsupported by record evidence – is not dispositive. In giving

---

[3] The government later reminded the District Court that the statutory minimum sentence was actually 10 years, not 20.

5

"meaningful consideration" to the § 3553(a) factors, a district court need not discuss every argument made by the litigants, or specifically make findings as to each of the § 3553(a) factors, so long as the record reflects that the court considered the § 3553(a) factors as well as the meritorious arguments raised by the parties. *Cooper,* 437 F.3d at 329. Here, the record reflects that the District Court has done just that, and thus has satisfied the procedures required by *Cooper* and our other cases.

## III. <u>CONCLUSION</u>

Rivera has failed to meet his burden of demonstrating unreasonableness. The District Court's judgment of sentence will be **AFFIRMED**.